## In re TAKIS.

Circuit Court of Appeals, Second Circuit.
April 4, 1927.

No. 376.

1. **Landlord and tenant** ⬩101½—**Provision of lease against bankruptcy of lessees held not breached by bankruptcy of one.**

Bankruptcy of one of the lessees does not breach lease, under provision that bankruptcy of "lessees" shall have that effect.

2. **Bankruptcy** ⬩260—**Provision of order for sale of lease to bankrupt and another held to enjoin landlord from questioning purchaser's title only to extent of interest of bankrupt as lessee.**

Provision of order for sale by trustees in bankruptcy of lease, made to bankrupt and a solvent corporation, all the stock of which bankrupt held, *held* to enjoin landlord from questioning title of purchaser in so far only as trustees have sold bankrupt's title to the lease, which they obtained through the bankruptcy proceedings; that is, the right, title, and interest which bankrupt had in and to the lease by reason of being one of the lessees.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Costis Takis, trading under the firm name of the Goody Shop, bankrupt. From an order approving a sale by trustees of a lease made by bankrupt and a corporation as lessees, James B. Ford, owner of leased premises appeals. Affirmed.

Middlebrook & Sincerbeaux, of New York City, for appellant.

Archibald Palmer, of New York City, for trustees.

Before MANTON and MACK, Circuit Judges, and CAMPBELL, District Judge.

PER CURIAM. [1] This appeal is by James B. Ford, owner of the premises leased by him to the bankrupt and the Goody Realty Company, Inc. Takis was adjudicated a bankrupt, but the Goody Realty Company, Inc., all the stock of which he held, was a solvent corporation. The trustees sold the lease on premises 507 Fifth avenue, borough of Manhattan, city of New York, made by him and the Goody Realty Company, Inc. The order appealed from authorized and empowered the sale. The landlord objected, saying that the bankruptcy of Takis under the eighteenth paragraph, breached the lease. But that provision reads the bankruptcy of the lessees, and, since the Goody Realty Company, Inc., was not a bankrupt, the eighteenth clause was not effective as ending the lease.

[2] The order appealed from provided that it is "ordered, adjudged, and decreed that

the Manufacturers' Trust Company, James B. Ford, and the Goody Realty Company, Inc., be, and they hereby are, forever enjoined and restrained, and they are precluded forever from in any wise raising any question in respect to the right of said trustees in bankruptcy to make such assignments of said lease and sublease, in accordance with the terms hereof, and are forever enjoined and restrained and precluded from in any wise questioning the title of the said purchaser in the said lease and sublease," etc.

This provision refers solely to the right of the landlord to question the title of the purchaser in so far only as the trustees have sold the bankrupt's title to the lease which they obtained through the bankruptcy proceedings; that is to say, the right, title, and interest which Takis had in and to the lease by reason of his being one of the lessees.

Order affirmed.